UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____X

JOHN SPRATT,                                                    **VERIFIED**

                          Plaintiff,                                    **COMPLAINT**

     -against-

DET. MICHAEL BLONDO SHIELD #06965                    CIVIL ACTION
PSA 8, SGT. JOHN DOE, SUPERVISING OFFICER, PSA 8,
CAPTAIN KEVIN M. MALONEY, SUPERVISING OFFICER JOHN
DOE; P.O. JANE DOE 1-10 P.O. JOHN DOE 1-10, and CITY OF
NEW YORK,

                         Defendants.
_____X

       **NOW COME** the Plaintiff, **JOHN SPRATT,** by and through his attorney, **D. Andrew Marshall, Esq.** for their Complaint against the Defendants, respectfully shows to this Court and allege:

### NATURE OF THE ACTION

1.     This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution of the United States.

## VENUE AND JURISDICTION

1.  That jurisdiction is founded upon the existence of a Federal Question.

2.  That this an action to redress the deprivation under color of statute, ordinance, regulation, custom or usage of a right, privilege, and immunity secured to Plaintiff by the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States, 42 U.S.C. §1983 and arising under the laws and statutes of the State of New York.

3.  That jurisdiction is founded upon U.S.C. §1331 and §1343(3) and (4), this being an action authorized by law to redress the deprivation under color of statute, ordinance, regulation, custom or usage of a right, privilege, and immunity secured to Plaintiffs

by the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United
States, 42 U.S.C. §1983 and arising under the law and statutes of the State of New
York.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391 (b) and (c).

5. The amount in controversy exceeds, exclusive of interest and costs, the sum or value
of SEVEN-FIVE THOUSAND ($75,000.00) DOLLARS.

## JURY DEMAND

7.    Plaintiff demands a trial by jury in this action.


# PARTIES:

6. Upon information and belief the Plaintiff **JOHN SPRATT, HEREINAFTER**
**"PLAINTIFF SPRATT,"** is a citizen of the United States and a resident of the
City of New York, County of Bronx, State of New York.

7. Upon information and belief, that at all times, hereinafter mentioned, the
**Defendant THE CITY OF NEW YORK, hereinafter "Defendant NYC"** was
and still is a municipal corporation duly organized and existing under and by virtue
of the laws of the State of New York.

8. Upon information and belief, that at all times, hereinafter mentioned, the
**Defendant NYC**, its agents, servants and employees operated, maintained and
controlled the **New York Police Department**, including all the police officers
thereof.

9. Upon information and belief, NYPD is responsible for the appointment, training,
supervision, promotion and discipline of the police offices and supervisory police
officers, including the individually named Defendant herein.

2

10. Upon information and belief, at all times hereinafter mentioned, and on or prior to the 25th day of August 2010 and at all other relevant times, Defendant **DET. MICHAEL BLONDO, SHIELD NO. 06965, PSA 8,** hereinafter **"Defendant BLONDO,"** was employed by **Defendant NYC and NYPD**, as a police officer.

11. Upon information and belief, that at all times hereinafter mentioned, and on or prior to the 25th day of August 2010 and at all other relevant times**, Defendant CAPTAIN KEVIN M. MALONEY, PSA 8,** hereinafter **"Defendant MALONEY,"** was employed by **Defendant NYC and NYPD**, as a police officer.

12. Upon information and belief, that at all times hereinafter mentioned, and on or prior to the 25th day of August 2010 and at all other relevant times, **Defendants POLICE OFFICERS JOHN DOE 1-10** and **JANE DOE 1-10 of the PSA 8,** hereinafter "**Defendants DOE**" were employed by **Defendant NYC and NYPD**, as police officers.

13. Upon information and belief, that at all times hereinafter mentioned, and on or prior to the 25th day of August 2010 and at all other relevant times, Defendant **SUPERVISING OFFICER JOHN DOE,** hereinafter "**Defendant Supervising Doe**" was employed by **Defendant NYC and NYPD**, as a police officer.

14. **Defendants Doe** and **Defendant Supervising Doe**" were employed by Defendant NYC, as police officers, detectives or supervisors, whose true names and shield numbers are presently unknown to Plaintiff.  They are sued in their individual and official capacities.

15.  Upon information and belief, at all relevant times the **Defendant NYC, Defendant Maloney and Defendant Supervising Doe** devised and authorized policies and practices geared towards stopping, searching, seizing and

maliciously prosecuting civilians in circumvention of the Constitutional and civil rights of said civilians.

16. Upon information and belief, **the Defendant NYC, Defendant Maloney and Defendant Supervising Doe** thereafter condoned individual Defendant police officers hereinafter stopping, searching, and seizing civilians who had not violated the law and then falsely charging them with having violated the law, then filing false criminal complaints and arrest reports after having arrested them.

17. Their action arises under the United States Constitution, particularly under provisions of the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States, and under federal law, particularly the Civil Rights Acts, Title 42 of the United Code, §1983 as well as the rights under the Constitution and laws of the State of New York.

18.  Each and all of the acts of the Defendants alleged herein were done by the defendants, their agents, servants and employees, and each of them, not as individuals, but under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of New York, the City of New York and the County of Bronx, PSA 8, and under the authority of their office as police officers of said state, city and county.

19. This action arises under the United States Constitution, particularly under provisions of the Fourth, Fifth, Eighth  and Fourteenth Amendments to the Constitution of the United States, and under federal law, particularly the Civil Rights Acts, Title 42 of the United States Code §1983 as well as the  Constitution and laws of the State of New York.

## **<u>PENDANT STATE CLAIMS</u>:**

20.    That Notice of the Plaintiff's Claim and Notice of Intention to Sue for Damages for false arrest and otherwise has NOT been served upon the Comptroller of Defendants THE CITY OF NEW YORK.

21. That pursuant to §50(h) of the General Municipal Law hearings have NOT been held.

22.    That this action is not  commenced within one year and 90 days after the cause of action arose.

# I.

## AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFF SPRATT: <br> CIVIL RIGHTS ACTION 42 USC §1983

23. The Plaintiff SPRATT, hereby repeat, reiterate and re-allege each and every allegation contained in paragraphs marked 1 through 22 with the same force and effect as if more fully and at length set forth herein.

24. This action arises under the United States Constitution, particularly under provisions of the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States, and under federal law, particularly the Civil Rights Acts, Title 42 of the United Code, §1983 as well as the rights under the Constitution and laws of the State of New York.

25. Each and all of the Defendants' acts alleged herein were done by the Defendants, their agents, servants and employees, and each of them, not as individuals, but under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of New York, the City of New York and the County of the Bronx, PSA 8, and under the authority of their office as police officers of said state, city and county.

26. That on about the morning of August 25, 2010  the **Plaintiff** SPRATT was an invitee on the premises known and designated as 2120 Randall Avenue Apt 6-G, in the City of New York, County of the Bronx, State of New York, hereinafter, "Subject Premises."

27. That at all relevant times **Defendant BLONDO, Defendant SUPERVISING DOE, and Defendants DOE** were present at or near the Subject Premises as part of their regular and official employment as police officers for the Defendants, NYPD and THE CITY OF NEW YORK.

28. That at all relevant times the Plaintiff was unarmed, unthreatening and unequivocally innocent of any crime, had not violated or breached any law, code, regulation, ordinance, statute or otherwise in effect on said date and time.

29. That at all relevant times **Defendant BLONDO, Defendant  SUPERVISING DOE, Defendant MALONEY and Defendants DOE met at PSA 8** and devised an alleged tactical plan for entering into the Subject Premises with a plan to arrest all the occupants regardless of whether probable cause existed.

30. That at all relevant times **Defendant BLONDO, Defendant  SUPERVISING DOE, Defendant MALONEY and Defendants DOE** knew or had reason to know that the alleged tactical plan was in fact an agreement to deprive and violate the Plaintiff' Spratt's  rights .

31. That at all relevant times **Defendant BLONDO, Defendant SUPERVISING DOE, and Defendants DOE** entered the Subject Premises, the **Plaintiff SPRATT** was alone inside one of three bedrooms with no contraband therein.

32. That at all relevant times **Defendant BLONDO, Defendant SUPERVISING DOE, and Defendants DOE** forcibly entered into the Subject Premises, with

weapons drawn, herded Plaintiff Spratt from a separate bedroom into the living room.

33. That at all relevant times the Plaintiff Spratt **was neither in actual nor constructive possession of any alleged contraband.**

34. That at all relevant times, the Defendants falsified reports that the Plaintiff herein had control and dominion over alleged contraband recovered therein.

35. That at all relevant times, **Defendant BLONDO, Defendant SUPERVISING DOE, and Defendants DOE** knew or had reason to know that Plaintiff Spratt had neither actual possession nor constructive possession of the said alleged contraband.

36. That the Defendants, without probable cause, reasonable suspicion or other legal reasons, nonetheless proceeded to arrest Plaintiff Spratt and charged Plaintiff Spratt with Criminal Possession of a Controlled Substance 3rd Degree, in violation of Penal Law §220.16(1); Criminal Possession of a Controlled Substance 4th Degree, in violation of Penal Law §220.09(1); Criminal Possession of a Controlled Substance 7th Degree, in violation of Penal Law §220.03 and related charges. [1]

37. That the Defendants, thereafter proceeded to swear out a Criminal Court complaint alleging that Plaintiff Spratt, acting in concert with others, knowingly and intentionally possessed controlled substances, weapons, ammunition and drug paraphernalia, in violation of New York State Law.

38. That as a consequence of the Defendants conscious acts and deliberate omissions, Plaintiff Spratt was arraigned and made to answer the above charges before the honorable Criminal Court of the City of New York, Bronx.

---

[1] _People of the State of New York against John Spratt_, Docket No. 2010BX054028, Arrest No. B10669576

39. That as a consequence of the Defendants' conscious acts and deliberate omissions, in addition to the false charges being leveled against them, Plaintiff Spratt was unlawfully imprisoned for 35 days in the PSA 8 and Bronx County Central Bookings before their first court appearance to be arraigned on the criminal court complaint.

40. That as a consequence of the Defendants' conscious acts and deliberate omissions, in addition to the false charges being leveled against them, Plaintiff Spratt, and Plaintiff Jones were held in custody for an additional period exceeding three weeks, pending the dismissal of the aforementioned bogus charges.

41. That as a consequence of the Defendants' conscious acts and deliberate omissions, in addition to the false arrest, false charges and unlawful imprisonment, the Plaintiff was maliciously prosecuted.

42. That at all relevant times, the Defendants were malicious and reckless in their actions towards the Plaintiff because they knew that the Plaintiff was wholly innocent, but they nevertheless falsely imprisoned, falsely arrested and maliciously prosecuted the Plaintiff without any conduct on the part of the Plaintiff to so warrant.

43. That at all times hereinafter mentioned, the Defendants police officers and each of them, separately, and in concert acted under color and pretense of law, to wit: engaged in the illegal conduct here mentioned to the injury of the Plaintiff SPRATT and deprived him of the rights, privileges and immunities secured to Plaintiff by the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and the laws of the United States.

44. The unlawful and illegal conduct of the Defendants, agents, servants, and employees, and each of them, deprived the Plaintiff of the following rights,

privileges and immunities secured to him by the Constitution of the United States and the State of New York:

    **a)** the rights of the Plaintiff to be secure in their person and effects against unreasonable search and seizure under the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States;

    **b)** the right of the Plaintiff to be informed of the nature and cause of the accusation against him secured to him under the Sixth and Fourteenth Amendments of the Constitution of the United States;

    **c)** the right of the Plaintiff not to be deprived of life, liberty or property without due process of law,  and the right to the equal protection of the law secured by the Fourteenth Amendment to the Constitution of the United States; and, the right to due process of law secured by the Fifth Amendment of the United States.

45. That the aforesaid actions and omissions violations violated 42 U.S.C. §1983 because the Defendants, who tacitly and implicitly agreed to enter into a nefarious scheme, wrongfully deprived and compelled the Plaintiff to abandon his rights and privileges as provided to him under the Constitution of the United States of America, the Constitution of the State of New York, and laws thereto.

46.  That by reason of the aforesaid violations, the Defendants, their agents, servants, and employees acted as persons under color of any statute, ordinance, regulation, custom or usage of the City of New York.

47. That by reason of the aforesaid violations, the Defendants, their agents, servants, and employees deprived Plaintiff SPRATT of the rights, privileges and immunities secured by the Constitution of the United States of America and the Constitution of the State of New York.

48. That by reason of the aforesaid violations, the Defendants, their agents, servants, and employees, acting within the scope of their authority and without any probable cause wrongfully, compelled the Plaintiff to abandon his rights and privileges, thereby causing him immeasurable harm.

That by reason of and as wrongful conduct of the Defendants, the Plaintiff has been damaged and demands **THIRTY MILLION ($30,000.000.00) DOLLARS** as compensatory damages and **FIFTEEN MILLION ($15,000,000.00)** as punitive damages against the individually named Defendant police officers.

# II.
## AS AND FOR A SECOND CAUSE OF ACTION: <u>ATTORNEY FEES42 U.S.C. §1988</u>

49. The Plaintiff repeats, reiterates, re-alleges and incorporates paragraphs numbered 1 through 48 inclusive as if fully set forth herein and Plaintiff further alleges:

50. That in the event this Court or jury determines that the Plaintiff' civil rights have been violated under 42 U.S.C. §§1981, 1983, 1985(3) and they are victorious upon a related claim herein, they demand attorney fees to compensate their attorney for his time, expenses, disbursements, and efforts in prosecuting their  claim.

51. That the Plaintiff are entitled to and hereby makes claim for the recovery of reasonable attorney's fees incurred as a result of prosecuting their claim against the individually named police officer pursuant to 42 U.S.C. §1988.

# III.

## AS AND FOR A THIRD CAUSE OF ACTION: PUNITIVE DAMAGES AGAINST DET. BLONDO and <u>EACH INDIVIDUALLY NAMED DEFENDANT</u>

52. The **Plaintiff SPRATT** hereby repeats, reiterates and re-alleges each and every allegation contained in paragraphs marked 1 through 51 with the same force and effect as if more fully and at length set forth herein.

53. That the Plaintiff SPRATT seek punitive damages against each and every individually named Defendants including but limited to **DET. BLONDO.**

54. That the Plaintiff seeks punitive damages against each individually name officer to deter not only these Defendants police officers but other like minded individuals police officers from engaging in future similar conduct of falsely arresting and maliciously prosecuting innocent Plaintiff who have not engaged in criminal activities or broken the law.

55. That punitive damages is warranted under the facts and circumstance of this case because Defendants, **DET. BLONDO acted with deliberate, premeditated and specific intent as part of a policy to** deprive the Plaintiff of his rights**,** knowing that such Plaintiff had not broken any laws.

56. That upon information and belief had these Defendants police officers acting in concert done a proper investigation into the allegation of violating Article 220 of the Penal Law of the State of New York  and related charges as leveled against the Plaintiff, and exercised duty without prejudice, disdain, contempt  or other impermissible grounds such as the Plaintiff's race or social status, they would not have stopped, seized, arrested, and maliciously prosecuted the Plaintiff without probable cause or reasonable suspicion.

57. That by reason of the above false arrest, malicious prosecution and violation of Plaintiff' constitutional rights, Plaintiff demand **THIRTY MILLION ($30,000,000,000) DOLLARS** from said individually named defendants to deter future similar outrageous and illegal conduct as happened herein.

58. That by reason of the aforesaid violations, the Plaintiff request the following relief:

    **a)** Compensatory damages in the sum of Thirty Million($30,000,000.00) DOLLARS for each cause of action;

    **b)** Punitive damages in the sum of FIVE MILLION ($5,000,000.00) DOLLARS for each cause of action.

    **c)** An award of reasonable attorney's fees, costs and disbursements;

    **d)** Plaintiff requests a trial by jury of all issues involved in this complaint;

    **e)** Such other and further relief as this Court may deem just and proper under the circumstances.

# IV.

## AS AND FOR A FOURTH CAUSE OF ACTION: <u>*FALSE ARREST*</u>

59. The Plaintiff SPRATT hereby incorporates by reference each and every preceding paragraphs of this Summons and Complaint paragraphs numbered 1 though 58 as though fully plead and re-alleged in their entirety below.

60. That at all relevant times and thereafter, inside of the Subject Premises, Plaintiff SPRATT was falsely arrested without any rights or grounds, probable cause or reasonable suspicion by the Defendants herein resulting in deprivation of the rights and privileges secured to him by the Constitution of the United States of America and the Constitution of the State of New York.

61. At all times Plaintiff SPRATT had not consented to being confined by the Defendants.

62. At all times the Plaintiff SPRATT was conscious of his restraint, loss of liberty and abduction.

63. At all times Plaintiff SPRATT was made to feel fearful, intimidated, demoralized and powerless by the Defendants' threats of physical force.

That by reason of the aforesaid, Plaintiff SPRATT have been damaged.

## V.

## AS AND FOR A FIFTH CAUSE OF
## ACTION ON BEHALF OF PLAINTIFF:
## <u>NEGLIGENCE IN TRAINING AND SUPERVISING</u>

64. Plaintiff SPRATT, hereby repeats, reiterates and re-alleges each and every allegation contained in paragraphs marked 1 through 63 with the same force and effect as if more fully and at length set forth herein.

65. That the defendant NYC and the NYPD, their agents, servants and employees, carelessly and recklessly failed to properly train and supervise their employees, in particular, the named Defendants.

66. That the defendant NYC and the NYPD, their agents, servants and employees failed to train their employees to control their tempers and exercise the proper deportment and temperament; and to otherwise act as reasonable, prudent police officers.

67. That the defendant NYC and the NYPD, their agents, servants and employees failed to give their employees proper instruction as to their department, behavior and conduct as representatives of their employer; and, in that the Defendants, their agents, servants and employees were otherwise reckless, careless and negligent.

68. That the aforesaid occurrence, to wit the false arrest, malicious prosecution and negligence of hiring resulting in injuries therefrom, were caused wholly and solely by reason of the negligence of the Defendants, its agents, servants and employees without any negligence on the part of Plaintiff SPRATT.

69. That by reason of the aforesaid Plaintiff SPRATT was injured because of the false charges.

That by reason of the aforesaid, the **Plaintiff SPRATT** has been damaged.

# VI.
## AS AND FOR SIXTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF: CIVIL RIGHTS ACTION 42 USC §1985

70. PLAINTIFF hereby repeats, reiterates and re-alleges each and every allegation contained in paragraphs marked 1 through 70 with the same force and effect as if more fully and at length set forth herein.

71. That all relevant times, the Defendant entered into an actual or tacit agreement to deprive Plaintiff SPRATT of his constitutional rights and civil rights.

72. That at all relevant times the Defendants entered into said agreement for the express purpose of depriving Plaintiff SPRATT of equal protection of the law, equal privileges and immunities und ether law, due process of law under the Fourth, Fifth and Fourteenth Amendments to the united States Constitution.

73. That at all relevant times, in furtherance of the said conspiracy, the defendants did in fact manufacture and falsify evidence against Plaintiff SPRATT resulting in serious and permanent injuries to PLAINTIFF' person, dignity and humanity.

74. That at all relevant times, in furtherance of the said conspiracy to cover-up the said false arrest, did maliciously prosecute the PLAINTIFF.

75. That at all relevant times, the Defendant entered into said agreement for the express purpose of depriving PLAINTIFF of equal protection of the law, equal privileges and immunities und ether law, due process of law under the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

76. That at all relevant times, the defendants, as a ruse to cover up their acts and omissions, disregarded PLAINTIFF's obvious innocence.

77.  That at all relevant the Defendants furthered the goals of the aforementioned

policy, practice and custom to pad their number of arrest and to meet a quota

system initiated and maintained by PSA 8.

78.  That at all relevant times the Defendants' acts and omissions were motivated by

PLAINTIFF's race, ethnicity and social status.

79. That the aforesaid unlawful stop, search, seizure, deprivation, deliberate

indifference, detentions and prosecution of Plaintiff by the Defendants, deprived

PLAINTIFF of his rights and liberties as set forth in the Constitutions of the United

States and of the State of New York, in that the Defendant falsely imprisoned the

Plaintiff and conspired to cover up their acts and omissions, and otherwise violated

Plaintiff without any conduct on the part of the Plaintiff to so warrant.

  By reason of the aforesaid, Plaintiff has been damaged.


# VII.

## AS AND FOR SEVENTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF: *DENIAL OF SUBSTANTIVE DUE PROCESS*

80. The Plaintiff **SPRATT,** hereby repeats, reiterates and re-alleges each and every

allegation contained in paragraphs marked 1 through 79 with the same force and

effect as if more fully and at length set forth herein.

81. At all relevant times the Defendants created false evidence against Plaintiff.

82. At all relevant times the Defendants DOE  and Defendant Blondo forwarded false

evidence to prosecutors in the Bronx County District Attorney's Office.

83. At all relevant times In creating false evidence against Plaintiff, and in forwarding

false evidence to prosecutors, the Defendants and Defendant Blondo violated

Plaintiffs right to substantive due process under the Due Process Clause of the Fifth

and Fourteenth Amendments of the Constitution of the United States

84. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages herein alleged.

That by reason of the aforesaid, the Plaintiff SPRATT has been damaged.

# VIII.
## AS AND FOR EIGHTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF: *MALICIOUS ABUSE OF PROCESS*

85. Plaintiff **JOHNSON,** hereby repeats, reiterates and re-alleges each and every allegation contained in paragraphs marked 1 through 84 with the same force and effect as if more fully and at length set forth herein.

86. Defendants DOE  and Defendant Blondo issued legal process to place Plaintiff under arrest.

87. Defendants DOE  and Defendant Blondo arrested Plaintiff in order to obtain collateral objectives outside the legitimate ends of the legal process, to wit, to obtain more arrests, to obtain more indictments, to obtain more convictions, to obtain overtime pay, and to obtain promotions within their respective agencies, among other things

88. Defendants DOE  and Defendant Blondo acted with intent to do harm to Plaintiff without excuse or justification.

89. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages herein alleged.

That by reason of the aforesaid, the Plaintiff JOHNSON, has been.

# IX.

## AS AND FOR NINETH CAUSE OF ACTION ON BEHALF OF PLAINTIFF: *FAILURE TO INTERVENE*

90. Plaintiff hereby repeats, reiterates and re-alleges each and every allegation contained herein in paragraphs marked 1 through 89 with the same force and effect as if more fully and at length set forth herein.

91. Those individual Defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct; had an opportunity to prevent such conduct; had a duty to intervene and prevent such conduct; and failed to intervene.

92. Accordingly, the individual Defendant who failed to intervene violated the Fourth, Fifth, and Fourteenth Amendments of the Constitution of the United States.

93. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages herein alleged.

That by reason of the aforesaid, the Plaintiff SPRATT, has been damaged.

## X.

## AS AND FOR TENTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF: *EQUAL PROTECTION CLAUSE, 42 U.S.C. § 1983*

94. Plaintiff hereby repeats, reiterates and re-alleges each and every allegation contained herein in paragraphs marked 1 through 93 with the same force and effect as if more fully and at length set forth herein.

95. The Defendants' conduct was tantamount to discrimination against Plaintiff based on her ethnicity. Other individuals who are not African-American are not targeted and falsely arrested; conspired against; subjected to excessive force, among other things.

96. This disparate treatment caused Plaintiff to suffer serious injuries.

97. As a result of the foregoing, Plaintiff was deprived of his rights under the Equal

98. Protection Clause of the Constitution of the United States, and is thereby entitled to

damages.

That by reason of the aforesaid, the Plaintiff JOHNSON, has been damaged.

# XI.
## AS AND FOR ELEVENTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF: *SUPERVISORY LIABILITY UNDER 42 U.S.C. § 1983*

99. Plaintiff hereby repeats, reiterates and re-alleges each and every allegation contained

herein in paragraphs marked 1 through 98  with the same force and effect as if more

fully and at length set forth herein.

100.   Defendant  Supervising Doe personally caused Plaintiff's constitutional injuries

by being deliberately or consciously indifferent to the rights of others in failing to

properly supervise his subordinate employees regarding the adequate and proper

investigation of the underlying facts that preceded Plaintiff's arrest, and by

approving Plaintiff's arrest despite the availability of exculpatory evidence and/or

the lack of probable cause.

101.   Defendant  Supervising Doe personally caused Plaintiff's constitutional injuries

by being deliberately or consciously indifferent to the rights of others in failing to

properly supervise their subordinate employees regarding the adequate and proper

marshaling of evidence.

102.   Defendant  Supervising Doe personally caused Plaintiff's constitutional injuries

by being deliberately or consciously indifferent to the rights of others in failing to

properly supervise his/her subordinate employees regarding the adequate and

proper grounds for forcefully entering her apartment without a warrant and

thereafter subjecting Plaintiff JOHNSON to excessive force,  despite no legal basis

18

for doing so.

103.    As a direct and proximate result of this unlawful conduct, Plaintiff sustained the

damages herein alleged.

That by reason of the aforesaid, the Plaintiff JOHNSON, has been damaged.

# XII.

## AS AND FOR TWELVTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF: *MONELL*

104.    Plaintiff hereby repeats, reiterates and re-alleges each and every allegation

contained herein with the same force and effect as if more fully and at length set

forth herein.

105.    This is not an isolated incident. Defendant The City of New York, through its

policies, customs, and practices, directly caused the constitutional violations suffered

by Plaintiff. Defendant NYC, through the NYPD, has had, and still has, hiring

practices that it knows will lead to the hiring of police officers lacking the intellectual

capacity and moral fortitude to discharge their duties in accordance with the

Constitution of the United States and is indifferent to the consequences.

106.    Defendant NYC, through the NYPD, has a de facto quota policy

that encourages unlawful arrests, the fabrication of evidence, and perjury.

137.    Defendant The City of New York, through the NYPD, has a de facto overtime

policy that encourages and incentivizes false arrests, the fabrication of evidence, and

perjury.

138.    Defendant NYC, through the NYPD, has a de facto employee promotion policies

that encourages negligent investigations; the fabrication of evidence; perjury; and

improper manipulation of prosecutors.

139.    Defendant The City of New York, through the NYPD have had, and still have,

hiring practices that they know will lead to the hiring of employees and attorneys

lacking the intellectual capacity and moral fortitude to discharge their duties in accordance with the Constitution of the United States and is indifferent to the consequences.

140.    Defendant NYC through the NYPD, have de facto policies that encourage competition among employees.  These policies encourage negligent investigations; the fabrication of evidence; perjury; and improper manipulation of prosecutors.

141.    Defendant NYC through the NYPD has had, and still has, a de facto policies that encourage mass stop, searches and seizures of African-American living in targeted precincts.

142.    Defendant NYC, at all relevant times, were aware that the individual Defendant routinely committed constitutional violations such as those at issue here and have failed to change their policies, practices, and customs to stop this behavior.

143.    Defendant NYC, at all relevant times, was aware that the individual Defendant are unfit officers, attorneys, and employees who have previously committed the acts alleged herein  and/or have a propensity for unconstitutional conduct.

144.    These policies, practices, and customs were the moving force behind Plaintiffs injuries.

107.    The City of New York, through a policy, practice and custom, directly caused the constitutional violations suffered by Plaintiff.

108.    Upon information and belief, the City of New York, at all relevant times, was aware that the defendants are unfit officers who have previously committed the acts alleged herein  have a propensity for unconstitutional conduct, or have been inadequately trained.

109.    Nevertheless, the City of New York exercised deliberate indifference by failing

to take remedial action.

110.     The City failed to properly train, retrains, supervises, discipline, and monitor the defendants and improperly retained and utilized them.  Moreover, upon information and belief, the City of New York failed to adequately investigate prior complaints filed against the defendants.

111.     In addition, the following are City policies, practices and customs:

(a)     Arresting innocent individuals, based on a pretext, in order to meet productivity goals;

(b)     Fabricating evidence against individuals;

(c)     Using and threatening the use of excessive force on individuals;

(d)     Retaliating against individuals who engage in free speech.

(e)     Performing baseless strip-searches on individual for minor offenses as a matter of course, and

(f)     performing baseless body-cavity searches on individual for minor offenses as a matter of course

That by reason of the aforesaid, the Plaintiff SPRATT, has been damaged.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendant as follows:

(a)     Compensatory damages against all Defendant, jointly and severally;

(b)     Punitive damages against the individual Defendant, jointly and severally;

(c)     Reasonable attorney's fees and costs pursuant to 28 U.S.C. § 1988; and

(d)     Such other and further relief as this Court deems just and proper

Dated:   New York, New York
   The   22nd day of March 2013

                /s/
             _____
             D. Andrew Marshall, Esq.
             Attorney for the PLAINTIFF
             225 Broadway, Suite 1804
             New York, New York 10007
             (212) 571-3030 (office)
             (212) 587-0570 (facsimile)
             marshall.law4@verizon.net

## VERIFICATION

STATE OF NEW YORK   )
                             ) Ss:
COUNTY OF              )

**JOHN SPRATT,** being first duly sworn hereby deposes and says that:

1.     I am the Plaintiff in this action.

2.     I am over eighteen years of age and reside in Bronx, County, in the City of New York.

3.     I verify that the statements made to my attorney are true to the best of my knowledge and belief.

4.     All allegations made which are based upon information and belief are made after consultation with my attorney and on the bases of the information available t me at this time.

5.     I further verify that I have read the forgoing Complaint and that I know the contents thereof; the same is true to my knowledge, except to the matters therein stated to be alleged on information and belief, and as to those matters I believe to be true.

/s/
_____
**JOHN SPRATT**

State of New York    )
County of New York        ) Ss.:

On March         , before me, the undersigned,  personally appeared
**JOHN SPRATT,** personally know to me or provided to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument be the individuals described in and who executed the foregoing and duly acknowledged to me that he executed it.

_____
**(signature and office of the individual taking acknowledgment)**

## ATTORNEY'S VERIFICATION

**D. Andrew Marshall, Esq.,** an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury:

I am the attorney of record for Plaintiff in the instant action. I have read the annexed

## VERIFIED COMPLAINT

and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true.  My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

Dated:    New York, New York
          The                        day of             2013


                                    _____
                                    D. Andrew Marshall, Esq.
                                    Attorney for the PLAINTIFF
                                    225 Broadway Suite 1804
                                    New York, New York 10007
                                    (212) 571-3030 (office)
                                    (212) 587-0571 (facsimile)

State of New York    )
County of New York         ) Ss.:

On, before me, the undersigned,  personally appeared **D. Andrew Marshall, Esq.**, personally know to me or provided to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument be the individuals described in and who executed the foregoing and duly acknowledged to me that he executed it.


_____
**(signature and office of the individual taking acknowledgment)**